IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTERNATIONAL SHIPPING AGENCY, INC., <br><br>**Petitioner** <br><br>v. <br><br>Respondent EMPLEADOS DE MUELLES DE PUERTO RICO, AFL-CIO, LOCAL 1901, ILA. <br><br>**Respondent** | **CIVIL NO.** 11-1724(JAG) |

**OPINION AND ORDER**

GARCIA GREGORY, D.J.

Before the Court stands Respondent de Empleados de Muelles de Puerto Rico, AFL-CIO, Local 1901, ILA's ("Respondent") motion to dismiss International Shipping Agency, Inc.'s ("Petitioner") petition to vacate the arbitration award. For the reasons outlined below, the motion to dismiss is hereby **GRANTED**.

**BACKGROUND**

Petitioner filed its complaint requesting that the Court vacate the arbitration award issued by Arbitrator Maite A. Alcantara Manana (the "Arbitrator") on July 26, 2011. Respondent filed its motion to dismiss Petitioner's petition to vacate on October 3, 2011. Petitioner timely opposed Respondent's motion to dismiss.

Respondent filed an arbitration action against Respondent alleging a violation of the collective bargaining agreement ("CBA"). Respondent alleged that Petitioner had violated the CBA by contracting with another company, Marine Terminal Services ("MTS"), to conduct work that should have been contracted to Respondent pursuant to the CBA. The Arbitrator issued an arbitration award in favor of Respondent in which she concluded that MTS was Petitioner's subsidiary and that Petitioner was in fact violating the CBA. Petitioner then filed the instant action requesting that the Court vacate the arbitration award. Respondent requests dismissal of the petition to vacate the arbitration award pursuant to Fed.R.Civ.P. 12(b)(6).

According to Petitioner, the arbitration award should be vacated on the grounds that the Arbitrator came to a conclusion that is in manifest disregard of the law.

**STANDARD**

When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)(citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st

Cir. 1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008)(internal citations and quotation marks omitted).

"Yet [the Court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)(citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotation marks omitted). Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has . . . held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)(citing Twombly, 550 U.S. 544 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

Civil Case No. 11-1724 (JAG)                                                    4

inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). In other words, while the Rule 8 pleading standard does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 9 (1st Cir. 2011)(citing Twombly, 550 U.S. at 555)(internal quotation marks omitted). However, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951).

Civil Case No. 11-1724 (JAG)                                         5

"Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense,..., the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Id. (citing Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 556)(internal citations and quotation marks omitted). Furthermore, "a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely." Id. (citing Twombly, 550 U.S. at 556)(internal quotation marks omitted). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

## U.S. DISTRICT COURT REVIEW OF ARBITRAL AWARDS

It is well-established that a federal court's review of an arbitrator's decision is extraordinarily deferential. See Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001); Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996); Service Employees Int'l Respondent v. Local 1199 N.E., 70 F.3d 647, 651 (1st Cir. 1995); Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, 811 F.Supp. 41, 44 (D.P.R. 1993). "Judicial review of an arbitration award is among the narrowest known in the law." Maine Cent. R.R.

Civil Case No. 11-1724 (JAG)                                                                 6

Co. v. Bhd. of Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989)(citing United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960); Local 1445, United Food and Commercial Workers v. Stop & Shop Companies, 776 F.2d 19, 21 (1st Cir. 1985); Bettencourt v. Boston Edison Co., 560 F.2d 1045, 1048-49 (1st Cir. 1977). United Paperworkers v. Misco, 484 U.S. 29 (1987)). A reviewing court generally does not hear claims of legal or factual error the way an appellate court reviews a lower court's decisions. Misco, 484 U.S. at 38; Wheelabrator, 88 F.3d at 43. Judicial review of an arbitrator's decision requires the court to consider both the CBA and the arbitral submission. Larocque v. R.W .F., Inc., 8 F.3d 95, 96 (1st Cir. 1993)(citing El Dorado Technical Services, Inc. v. Respondent General De Trabajadores de Puerto Rico, 961 F.2d 317, 320 (1st Cir. 1992)).

   A court should uphold the arbitrator's interpretation of the CBA if it is within the four corners of the agreement and there is any plausible basis for that interpretation. Wheelabrator, 88 F.3d at 44 (citing El Dorado, 961 F.2d at 319); Dorado Beach Hotel Corp., 811 F.Supp. at 43. A court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the arbitrator's. Enterprise Wheel and Car Corp., 363 U.S. at 599 (1960); Boston Med. Ctr. v. Serv. Employees Int'l Respondent, 260 F.3d 16, 21

Civil Case No. 11-1724 (JAG)                                                    7

n. 4 (1st Cir. 2001); Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters, 29 F.3d 742, 745 (1st Cir. 1994); Dorado Beach Hotel Corp. v. Respondent De Trabajadores De La Industria Gastronómica De Puerto Rico, 959 F.2d 2, 4 (1st Cir. 1992). If the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority," a court may not overturn the decision, even though the court may be convinced that the arbitrator committed a serious error. Misco, 484 U.S. at 38, 108 S.Ct. at 371; Providence Journal v. Providence Newspaper Guild, 271 F.3d 16, 20 (1st Cir. 2001); Labor Relations Div. of Constr. Indus., 29 F.3d at 745. If the CBA's language, taken in context with the surrounding circumstances, is susceptible to different meanings, a reviewing court may not meddle in the arbitrator's choice between two permissible interpretations. El Dorado, 961 F.2d at 320. If a reviewing court had the final say on the merits of an arbitrator's award, the federal policy of settling labor disputes by arbitration would be undermined. United Steelworkers, 363 U.S. at 596; Dorado Beach Hotel Corp., 811 F.Supp. at 44.

An arbitrator's decision, however, is not entitled to carte blanche approval. Larocque, 8 F.3d at 96-97; De Trabajadores De La Industria Gastronómica De Puerto Rico, 959 F.2d at 4; Dorado Beach Hotel Corp., 811 F.Supp. at 44. The arbitrator may not

Civil Case No. 11-1724 (JAG)                                              8

ignore the CBA's plain language. Misco, 484 U.S. at 38. Only in a few exceptional circumstances is a court entitled to vacate an arbitration award. A court may intervene when the party challenging the award establishes that the award was (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact. Dennis v. Wachovia Securities, LLC, 429 F.Supp.2d 281, 287-88 (D.Mass. 2006) (citing Advest, Inc. v. McCarthy, 914 F.2d 6, 9 (1st Cir.1990)); see also New England Health Care Employees Respondent v. R.I. Legal Serv., 273 F.3d 425, 427 (1st Cir. 2001)(quoting Teamsters Local Respondent No. 42 v. Supervalu, 212 F.3d 59, 66 (1st Cir. 2000)); Wheelabrator, 88 F .3d at 43–44. The award "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." Eastern Associated Coal Corp. v. United Mine Workers, 531 U.S. 57, 62 (2000)(quoting Misco, 484 U.S. at 38, 108 S.Ct. at 371); Larocque, 8 F.3d at 97; Challenger Caribbean Corp. v. Respondent General De Trabajadores de Puerto Rico, 903 F.2d 857, 861 (1st Cir. 1990). The court must refuse to overturn an award unless the arbitrator acted in a manner for which neither side could have bargained for. Wheelabrator, 88 F .3d at 44; Federación

Central de Trabajadores v. Vaquería Tres Monjitas, Inc., 194 F.Supp.2d 61, 64-66 (D.P.R. 2002).

**ANALYSIS**

Petitioner advances the argument that the Arbitrator committed error. More specifically, Petitioner claims that the Arbitrator's conclusion (1) is unfounded in reason and fact and (2) is based on reasoning so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling. Petitioner's complaint exclusively addresses what they understand to be the Arbitrator's conclusion: that MTS is Petitioner's *alter ego*. In fact, Petitioner's complaint, despite being rather thorough, only addresses the Arbitrator's conclusion regarding the use of the *alter ego* doctrine. Thus, Petitioner understands that the Arbitrator's determination is exclusively premised on the *alter ego* doctrine. The Court disagrees.

The Court has reviewed the arbitration award and understands that the Arbitrator's decision is not premised on the *alter ego* doctrine. (Docket No. 15-1). The Arbitrator states that Respondent tried to introduce the *alter ego* doctrine as a strategy used by Petitioner to transfer the maintenance works. (Docket No. 15-1, p. 14). The Arbitrator then proceeds to state that the doctrine of piercing the corporate veil (*alter ego*) is used in situations in which a corporation takes control of

Civil Case No. 11-1724 (JAG)                                              10

another one. (Docket No. 15-1, p. 14). The Arbitrator further states that determinations under the *alter ego* doctrine are subjective and limited to conducting an investigation about the purpose for which a company was created. (Docket No. 15-1, p. 14). After describing the limitations of the *alter ego* doctrine, the Arbitrator introduces the single employer doctrine. After introducing the single employer doctrine, the Arbitrator concludes that the controversy between Petitioner and Respondent has to do with an invasion of the bargaining unit. The Arbitrator then determines that Petitioner is utilizing a subsidiary to contract out its own equipment. Thus, the Arbitrator established the limits of the *alter ego* doctrine before introducing the single employer doctrine. The Court understands that the Arbitrator's decision is premised on the single employer doctrine, which Petitioner simply did not address in its petition to vacate. Thus, even if the Court were to agree with the Arbitrator's conclusion regarding the applicability of the *alter ego* doctrine, the Arbitrator's decision would still hold pursuant to the single employer doctrine.

    Petitioner's complaint is entirely premised on refuting the Arbitrator's conclusion pursuant to the *alter ego* doctrine. However, as has been already stated, the Court understands that the Arbitrator's decision does not hinge on piercing the

Civil Case No. 11-1724 (JAG)                                                    11

corporate veil (*alter ego*) as Petitioner vehemently argues. As a result, the Court agrees with Respondent and finds that dismissal of the petition to vacate is proper in light of the the very narrow standard of review that applies in the review of arbitration awards.

In the alternative, the Court recognizes that there is a valid argument that the Arbitrator's decision does not clearly state on what grounds it rests. The Court notes that an arbitrator has no obligation to give his or her reasons for an award. Labor Relations Div. of Constr. Indus., 29 F.3d at 746 (citing Raytheon Co. v. Automated Business Sys., 882 F.2d 6, 8 (1st Cir. 1989)). The First Circuit has further stated that it is manifest that a court cannot set aside an arbitration award merely because the arbitrator chose not to provide the parties with the reason for its decision. Raytheon Co., 882 F.2d at 8. Furthermore, absent a strong implication that an arbitrator exceeded his or her authority, the arbitrator is presumed to have based his or her award on proper grounds. Labor Relations Div. of Constr. Indus., 29 F.3d at 747 (citing Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1197 (7th Cir. 1987)). In this case, despite the Arbitrator's allegedly erroneous reliance on the *alter ego* doctrine, the petition to vacate fails to advance any claims addressing the single employer doctrine. The Arbitrator's conclusion is a plausible

interpretation of the contract pursuant to the single employer doctrine and must be upheld. See Labor Relations Div. of Constr. Indus., 29 F.3d at 746 (citing Chicago Newspaper Publishers' Ass'n v. Chicago WEB Printing Pressman's Union, 821 F.2d 390, 394-95 (7th Cir.1987)("'[i]t is only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract ... that the award can be said not to 'draw its essence from the collective bargaining agreement.''"). Thus, the Court understands that the Arbitrator's interpretation drew its essence from the CBA.

## CONCLUSION

For the reasons outlined above, the Court hereby **GRANTS** Respondent's motion to dismiss. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of June, 2012.

                                             S/ Jay A. Garcia-Gregory
                                             JAY A. GARCIA-GREGORY
                                             United States District Judge